GARDEN, JUDGE:
As a result of heavy snows during the months of January and February, 1977, and because respondent’s snow removal equip *42 ment was insufficient, the respondent, through special purchase orders, which were introduced into evidence, rented from L. C. Coal Company of Kingwood, two endloaders, two 4-wheel drive pickups, one mechanic’s truck (all with operators), and one base control system. During the evening of February 4, 1977, while engaged in snow removal on Secondary Route 112 in Preston County, one of the above-mentioned endloaders, for reasons not clearly explained, left the right-of-way of the road, broke through claimants’ fence, and went over the hill some 200-250 feet into the claimants’ farm. At the time of the incident, the endloader was being operated by an employee of L. C. Coal Company, and apparently, no representatives of respondent were in the area.
The operator of the endloader was unable to extricate the endloader from claimants’ property, and, as a result, L. C. Coal Company hired an independent bulldozer operator who bulldozed a road through claimants’ property which was then used as a means of egress by the bulldozer and the endloader. In the process of bulldozing the road, a considerable number of valuable trees of the claimants were destroyed. Three competitive estimates, for repairing the fence, restoring the claimants’ property to its former condition, and including the value of the trees, were introduced into evidence, the lowest being in the amount of $1,030.00.
Certainly the failure of the endloader operator to confine his activities within the right-of-way of the road constituted negligence, and for the reasons expressed by the Court in the recently decided claim of Hubbs v. Department of Highways, Claim No. CC-77-83, we hereby make an award in favor of the claimants in the amount of $1,030.00.
Award of $1,030.00.